**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1257-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALFRED PETROSSIAN,

    Defendant-Appellant.

_____

Submitted May 2, 2017 — Decided May 9, 2017

Before Judges Yannotti and Fasciale.

On appeal from Superior Court of New Jersey,
Law Division, Passaic County, Municipal Appeal
No. 6066.

Alfred Petrossian, appellant pro se.

Camelia M. Valdes, Passaic County Prosecutor,
attorney for respondent (Tom Dominic Osadnik,
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

Pro se defendant appeals from a November 4, 2015 de novo conviction entered after the Law Division amended the complaint to reflect defendant had violated William Paterson University parking regulations, N.J.S.A. 18A:64-6(c) and (m). We affirm.

Defendant improperly parked his motorcycle on campus in a non-designated parking area. He initially received a ticket for violating N.J.S.A. 39:4-135. Defendant refused to pay the fine associated with that violation and the matter proceeded to a trial in municipal court.

At the trial, defendant testified that the University had long recognized the area where he had parked as a spot reserved for motorcycles. The municipal court judge believed the testifying officer, disbelieved defendant, and found him guilty of violating N.J.S.A. 39:4-135. The municipal court judge imposed a fine of twenty-three dollars and court costs of twenty-one dollars. Defendant appealed to the Law Division.

The Law Division judge conducted a trial de novo and found there were insufficient facts to convict defendant of N.J.S.A. 39:4-135. The judge amended the complaint, and found defendant guilty of N.J.S.A. 18A:64-6(c) and (m). The judge found defendant violated the regulations by parking his motorcycle in the area with a dashed yellow line. The judge imposed the same fine given by the municipal judge of twenty-three dollars and court costs of twenty-one dollars.

On appeal, defendant argues the following points:

> POINT I.   THE RULING BELOW UNDERMINED DUE
> PROCESS AND OVERLOOKED THE [SIX]TH AMENDMENT,
> BECAUSE IN FINDING THE [DEFENDANT] GUILTY THE

COURT AMENDED HIS STATUTORY VIOLATION WHILE RENDERING THE GUILTY VERDICT AGAINST HIM, WHEN THE MERITS OF HIS GUILT AT TRIAL WAS ADJUDICATED FOR A DIFFERENT VIOLATION.

POINT II. THE RULING BELOW UNDERMINED PROCEDURAL DUE PROCESS, BECAUSE THE COURT ARBITRARILY OVERLOOKED KEY EVIDENCE SHOWING THAT FALSE TESTIMONY GIVEN AGAINST THE [DEFENDANT] AT HIS TRIAL CONTRIBUTED TO THE FINDING OF GUILTY AGAINST HIM.

POINT III. THE RULING BELOW INVOLVED JUDICIAL BIAS, BECAUSE THE JUDGE SHOWED INTEREST, IN REACHING A JUDICIAL OUTCOME AGAINST THE [DEFENDANT], IN DISREGARD OF MATERIAL EXISTING FACTS AND LAWS.

When a defendant appeals a decision made by a municipal court to the Law Division, the court is required to conduct a de novo review of the record, giving "due regard to the municipal judge's opportunity to view the witnesses and assess credibility." State v. Golin, 363 N.J. Super. 474, 481 (App. Div. 2003) (citing State v. Johnson, 42 N.J. 146, 157 (1964)). On appeal from the Law Division's decision, we must determine whether the Law Division judge's findings "could reasonably have been reached on sufficient credible evidence in the record." State v. Locurto, 157 N.J. 463, 471 (1999) (quoting Johnson, supra, 42 N.J. at 162). Applying this standard, we see no error.

We begin by addressing whether the judge had authority to amend the charge. Under the facts of this case, we agree with the State and conclude that the judge properly amended the charge from

N.J.S.A. 39:4-135 to N.J.S.A. 18A:64-6(c) and (m).  The judge

amended the charge pursuant to Rule 3:23-8(c), which states in

pertinent part that the judge may

> during or before the hearing of the appeal, amend the complaint by making the charge more specific, definite or certain, or in any other manner, including the substitution of any charge growing out of the act or acts complained of or the surrounding circumstances of which the court from whose judgment or sentence the appeal is taken.
>
> [(Emphasis added).]

The original complaint charged defendant with violating

N.J.S.A. 39:4-135, which states:

> The operator of a vehicle shall not stop, stand or park the vehicle in a roadway other than parallel with the edge of the roadway headed in the direction of traffic, on the right-hand side of the road and with the curb side of the vehicle within six inches of the edge of the roadway, except as follows:
>
> a.    Upon those streets which have been designated by ordinance and have been marked or signed for angle parking, vehicles shall be parked at the angle to the curb designated and indicated by the ordinance and marks or signs.
>
> b.    Upon one-way streets, local authorities may permit parking of vehicles parallel with the left-hand edge of the roadway headed in the direction of traffic, on the left-hand side of the road and with the curb side of the vehicle within six inches of the edge of the roadway.

4

The Law Division judge found N.J.S.A. 39:4-135 inapplicable and amended the complaint to reflect violations of N.J.S.A. 18A:64-6(c) and (m), which state:

> The board of trustees of a State college shall have general supervision over and shall be vested with the conduct of the college. It shall have the power and duty to:
>
> . . . .
>
> c.  Determine policies for the organization, administration and development of the college;
>
> . . . .
>
> m.  Adopt, after consultation with the president and faculty, bylaws and make and promulgate such rules, regulations and orders, not inconsistent with the provisions of this article, that are necessary and proper for the administration and operation of the college and the carrying out of its purposes[.]

Both statutes involve violations of parking regulations, and defendant was clearly on notice of the charge he faced. Contrary to defendant's contention, we see no due process violation. The conviction is less serious than N.J.S.A. 39:4-135, and there is no prejudice by amending the ticket. The amendment simply made more specific, definite, and certain the charge pertaining to the parking violation at issue.

We reject defendant's assertion that the judge erred by denying his motion to supplement the record with a photograph. The photograph was not in the record of the municipal court

proceedings, and it was taken "after the fact." Therefore, it was not properly before the court on its de novo review. And as the Law Division judge found, the State did not have the opportunity to dispute the evidential weight of the photograph.

Finally, the University's parking regulations require that all vehicles park entirely within marked parking spaces in the University's lots. There exists sufficient evidence demonstrating that defendant parked his motorcycle in a non-designated parking area. Although defendant claims the officer testified falsely, the court found the officer's testimony to be credible. And the State introduced into evidence a photograph which further supported the testimony by the officer.

After considering the record and the briefs, we conclude that defendant's remaining arguments are "without sufficient merit to warrant discussion in a written opinion." R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1257-15T2